The Honourable Court, all rise. The Honourable United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honourable Court may draw near, give their attendance, and they shall be heard. God save the United States of America and this Honourable Court. Welcome, you may be seated. Court is in session. Today's case as we call this previously announced, the times will be as allotted to counsel. The first case today is number 22-1879, United States v. Jesus Abdiel Feliciano-Candelario. At this time, would counsel for the appellant please come to the podium and introduce herself on the record to begin. Good morning. Chief Judge Barron, I may I please support? Assistant Federal Public Defender, Jessica Earle, on behalf of Mr. Feliciano-Candelario, may I please reserve two minutes for rebuttal? You may. The parties below agree, the knife was brandished, not otherwise used. The government agreed on multiple occasions before the District Court that Mr. Feliciano brandished a knife during the carjacking of a couple's van. Nonetheless, the District Court opposed the four-point guideline enhancement rather than the three-point brandishing enhancement, concluding that the word raised, coupled with a threat, constitutes otherwise using a knife. What do I mean by the make of the threat itself? So the, I'm going to kill you if you don't turn over the keys. Is that who you're asking to give the other words in this category? And if it doesn't, why not? Your Honor, no, that does not automatically put us into otherwise used. I think that the District Court conducted a textual reading of the guideline, noting that brandish coupled with a threat automatically moves us into that higher category. First, I note that there are multiple cases cited in the briefing where otherwise used, where circuit courts affirmed otherwise used, and there was no threat. So that same logic would apply to the brandishing, just because we have a threat doesn't necessarily automatically push us into otherwise used language. But what about combined with the raising of the knife? I think that that necessarily doesn't push us into otherwise used. The reason being is that circuit courts, including this court in Lombardton in New York, focused on the specific use, the physical use of the weapon. That's right. Why is it the raising? You don't need to raise to brandish, correct? That's correct. So why isn't the combination of the threat plus the raising of the knife? What brings it beyond? So the conduct has to pertain to the actual use of the weapon and the specific manner in which it is used. Here, all we have is the verb raise. There's nothing on the record to indicate whether Mr. Feliciano pelvis was raised at how high, how close he was to the victim. Anything that would necessarily support him being able to understand compared to cases like La Fortuna in VR, where there was a specific leveling of a firearm at the body of a teller or holding a firearm at the side of a baby teller. But those are cases that qualify as otherwise used, correct? Correct. They don't say that must be what happens in order to be otherwise used. No, but what we're looking for with brandish and what we understand Mr. Feliciano's actions were is an arrogant, pompous demonstration. Why isn't raising while threatening to kill someone enough to say that's enough? And I guess in relation to that, what is the standard of review you think you're supposed to apply in determining whether those two facts, neither of which you're disputing, you don't dispute it was raised or that he made a threatening connection to the victim. What's the standard of review we spoke? We're supposed to apply to determine whether that's other ones rather than just. So we understand that we are on de novo review here. There's nothing in the record to show that the court made an inference about those facts. It just reinstated the facts that were undisputed by the parties in both the PSR and in the agreement. We think it's not. It's just whether those facts apply to one guideline or the other. The legal interpretation of the guideline was the air here. Not there was no dispute over the facts going forward. Presumably this court is in the district court was in no better position than this court is because the facts are identical. But the district court, he didn't know anything further than what this court would know. So our position is just to be clear. In your view, if there was if it was raised in a certain way of the press, would that be enough? Yes, I think that there could be a hypothetical where we imagine the raising of some sort of weapon coupled with more specific spatial proximity. And how close we have any idea how close the person was here. No, there is no information as to how close. Were they in the car together? No. Your Honor, what we know is that the couple arrived in a van to their home. And Mr. Feliciano approached the female passenger and said, look what I have here. And showed a knife. Everyone agrees that's brandishing. That wasn't even up for question at the district level. At this point, it's unclear where the male driver is. You know, he got out of the car and he doesn't even realize that the carjacking is happening. And then when he realizes it is, he runs back to the car and falls. Other than that, whether he's inches away from Mr. Feliciano or 50 yards, it's not clear based on the record. So, raised here without more, just because. When you say without more, this is a sequence of events. He brandished a knife. He tells the female victim, look what I have here. She relinquishes her purse. He demands the keys to the car. The male, however, refuses to give the keys. He demands to work the car. But then as he got out, Feliciano again raises the knife, tries to kill both of them. He doesn't have the keys. He kills them both and he doesn't have the keys. And then even after that, he tries to kill the male a second time. So, again, this is not simply giving the keys or killing or something. This is a sequence of events. Again, it could be ten seconds. It could be a minute. It could be 30 seconds. Isn't there more than just being brandished and all that? No, Your Honor. I think the question to the court is asking and recounting the fact part of the problem here. When we just have the third grade, we are missing that physical, actual conduct that La Fortuna and VR look to. The death threat, respectfully, is neither here nor there. That doesn't make or break the enhancement to the alleged. Certainly, there are cases where it is. Well, why doesn't it, on your account, the key test, which I think you directly say in the case law, is whether it's an arrogant or convinced use of the weapons? And why wouldn't the determination of what kind of use it was be a function and part of what the person who's raising the knife is saying in conjunction with the raising? If somebody bumps his arm and it all of a sudden goes up, it's hard to say that's an arrogant or convinced thing. But if I raise it over my head and say, I'm going to kill you with it, that seems a little bit more arrogant or convinced, doesn't it? Certainly. But that's the problem with this case is raise could have been an inch. Raise could have been over his head. Raise could have been an inch, 50 yards from the victim. Raise without more, without knowing more about what happened, is not going to put it into otherwise use. In our 28J letter, we say— But the district court did find that the raising and the threat were jointly intended to communicate something, correct? Yes, and that could also be brandishing. The goal of brandishing is exactly that pompous, arrogant demonstration to let the person know that violence is immediately available and perhaps imminent. That's exactly what a raise could be here. That's why in our 28— As opposed to just to that. Certainly not. And we could imagine hypotheticals where this court would be reluctant to affirm a raising of a weapon with some sort of threat because the threat is so nonspecific towards the victim that automatically putting a threat and pushing us into otherwise use, which was Judge Wynter-Carlisle's first question, would be error. The error here was that the district court, we understand, was misinterpreting that because there was a threat, that that automatically pushed it into otherwise use without focusing on the specific physical use of the knife. Rather, coupling it with that threat automatically put him into otherwise use language. Your Honors, I think my time is up. Perhaps I'll address the breach issue on rebuttal with the government.  Thank you. Thank you, Counsel. At this time, would Counsel for the United States please introduce herself on the record to begin? Good morning, Your Honors. May it please the Court, Julianna Bernakis for the United States. Now, the district court correctly calculated that the knife was in place when the survivor died last night. And it was a four-point enhancement because he otherwise used the knife during the carjacking of the couple in the home. Now, the facts here are not in dispute. As Judge Wynter-Carlisle recounted them, we have Mr. Feliciano approach a female couple. The female was near the car, and he showed the knife, and he said, look what I have here. At that point, the female went and pushed her purse. He threw it inside the car. In the government's view, at that point, is it otherwise use or just brandish? No, Your Honor. At that point, it would be otherwise use because the facts show them no dispute. I mean, excuse me. And that point would be brandishing only because it shows just a mere display, making the presence of the weapon known, trying to intimidate. And that is precisely how the guidelines define brandish. They say display of all or part of a weapon or presence of a weapon being known to intimidate. So in that occasion, we are in agreement that that first interaction with the female victim is just brandish. And if at that point he said, I'm going to kill you with it, is that any different, or is it still just brandishing? The threat there is not determinative. The government would think that would still be brandishing. So the key to you is the raising. We believe so with the context. So what happens next is the gentleman had moved to go open the gate to the home. And at that point, he sees what has occurred, and he does not comply. It says he became aware of the events that were transpiring and reacted by telling the subject that the keys would not be given. So now you have a victim that is confronting, and he goes running toward the assailant. And he trips, and he falls. Then the next facts that we have on the record was that as he got up, he saw the subject, and the subject then raised the knife and threatened to kill him if he did not give the keys. But if he hadn't raised it and made that threat, you would agree it would just be brandishing? Yes, Your Honor. So what is it? So I'm just having trouble understanding what is the raising other than just a form of brandishing. Well, Your Honor, if we look at it, there's two pieces in the circuit that sort of set forth the standard of how to evaluate when brandishing exists and when otherwise use begins. Do each of those involve physical contact between the weapon and the victim? Your Honor, there's pointing. I believe that in La Fortuna, there was a pointing of the weapon and an ordering. And I believe in – that was in Villar, excuse me. And in La Fortuna, there was a pointing of a gun at the bank tailors and an ordering. So in those cases, the First Circuit surveyed other cases, which at times guns were placed, I believe, or knives were close. But that was not the determinative point because the circuit has explained that the specific leveling of a weapon at another person as opposed to a general display as the demarcation. And when you look at the cases cited, it's the pointing at a person in an effort to create fear and to facilitate compliance. And that is when otherwise use begins. Do we have a binding about the nature of the raising here? No. The court just said that it raised. It was undisputed in the PSR by anybody. So just given how you just described the case law, how could the mere raising be enough if it isn't bound to be the raising for the purpose of pointing at or communicating with the threat? I think if you look at the context, Your Honor, we have an individual who's noncompliant, who falls down. You're making an argument now about the finding that could have been made perhaps on this record. I'm just asking on your own account, in the absence of such a finding, how could we conclude that that's what the raising was for? Because the factual findings, Your Honor, would have to be for clear error. And if the court said that it raised it and that coupled with a threat would be enough to do that, then there's two plausible interpretations on the record as to what raised means. But there's no – I guess that just sort of leaps to the – it'd be one thing if it was a finding about the nature of the raising. You're not making the position that any raising of a knife makes it up. Well, Your Honor, I looked at this – we're not asking for a right-line rule here to say that any raising – I think what needs to be done is to put this into the context of here, you have an individual who is noncompliant, who falls down, who's in an over-the-board position. A knife is then raised with a specific threat. I'm going to kill you if you don't give me the keys. And then the keys are then surrendered. That goes directly into the case law cited favorably by this court that there was a use of a weapon to instill fear and then to facilitate compliance. And that's exactly what happened in this case. It seems to me what you're saying is that we should look at the context and that that will then inform our view of the physicality of what raising meant here. Well, in this case, the district court didn't go the extra mile of saying, I'm finding that the raising is the specific leveling that this First Circuit finds to be sufficient under La Fortuna in New York. I don't think that can be inferred by the rejection of their arguments. Is that the argument that the government made? Did you rely on La Fortuna in arguing to the district court? The government didn't argue. The government stood by the pre-agreement, and this was not part of the pre-agreement. So the government made no argument regarding this. The district court makes no reference. Does the district court make reference to La Fortuna? The district court, I believe, makes reference in general to the jurisprudence. I don't think he mentions. And I need to double check whether he said that's enough. The probation officer was the individual who put this in the PSR. It was not in the party's stipulation in terms of the proposed guideline range. And when they were discussing it, the defendant's point of view was that it was just there, that it was merely present, that it was brandished, but that it wasn't otherwise used. So the district court implicitly rejected that argument. But the defendant conceded it was raised in making that argument, that it was not otherwise used. Your Honor, I'm not sure off the top of my head if the defendant at that point said it was raised. He said that it was brandished. The party's agreed that it was brandished. I'm not sure if he went into it. But when all the other facts are present, the ones I mentioned, the proposed account, it happened within the time span it happened. It got raised twice. There were threats and the whole combination. That's part of the record. Yes, Your Honor. It's part of the understanding of the PSR. And when the court is calculating the guideline range and saying that these four levels apply, the court takes the raising of the knife in addition to the threat when saying, I am opposing this enhancement. So in the original, they were just dealing with the objections. But then when the court later, after he hears from both parties and starts calculating the advisory guideline range, when imposing the four-level enhancement, the court makes reference to the raising and to the threat. I'm just trying to figure out the standard of review in the government's view. As we stated in our brief, the legal interpretations of the guidelines are de novo, and the factual findings would be for clear evidence. That's great. But by that, how high does it have to be raised to be brandished? I mean to be otherwise used. Otherwise used? Is that a legal question? Or is that a factual question? I would say that that's a legal question. Okay. So this case then turns on that issue, as I understand it, from your own point of view, that the way in which it was raised, how high, the nature of the raising, is what's going to determine whether it was otherwise used if you're saying that's a legal question. I would say that's one issue when you have to look at the context here. Because when you take it with – there's no right-line rule. And in the United States v. La Fortuna, the court surveys cases, and one of the cases that it surveys rejected the idea that there has to be a proximity test. And that was from a different circuit, but it's mentioned in the opinion. So we would not be advocating for a right-line rule that has to deal with a certain number of inches or feet. Arguably, just to give an extreme example, if someone were to walk in the courtroom and have a knife and raise it there vis-a-vis your honor, that might not be – that would be a general display as opposed to possibly specific unless you have a ninja that could arguably hurt you. Because the general or pompous display of a weapon, even arrogant, is what this court has said is brandishing. When you specifically level with the intention to facilitate compliance, as the individual did, as Mr. Poliziano did, when the man was on the floor after he was going to – he was effectively charging him. He was not defiant. So then you have this individual raise the knife and say, I'm going to kill you if you don't give me the keys. Keys are surrendered. The words we use is level it. In La Corzón, it's level, and then in Villar, which comes later, it says the specific leveling of a weapon to another person as opposed to a general display as the demarcation between brandishing and otherwise. Just last question. Obviously, raising and leveling seem different rather than the same. Does that matter? Well, I would say the leveling of a firearm is the pointing of a firearm because you could point a firearm up, and then that wouldn't be – I say that even though these cases treat firearms and weapons the same because the structure of the guideline is the same, but we also have to understand that brandishing is – may I finish my thought, please? You have to use some sort of exertion, and the fact that you're raising it, I think it's a reasonable inference that that would be similar because that's how you would then assault your victim. Let me ask you, counsel. If we were to review this in the most generous light of the defense, the noble, you would still prevail if you were to be a director? Yes, Your Honor, because we have the context here. Not only the raising, but you have the noncompliance, an individual who is going to not obey and is coming to stop it. Falling down, you have a person with a dangerous weapon, a knife, who then raises it and says, I'm going to kill you if you don't give me the keys. We believe that that falls directly into the case cited by this court, where it's pointing the specific dangerous weapon in an effort to create fear and compliance with a demand, and that's precisely what happens here. Thank you, counsel. At this time, would counsel for the appellant please reintroduce herself on the record? She has a two-minute rebuttal. Jessica Ehrligan for Mr. Feliciano. Your Honor, recently the court asked whether we would support a certainty to this court's jurisprudence. The answer is no. The specific quote of the appendix, page 105, is there was here more than a disclaimant or otherwise used. No, it was used to threaten. That's why I agree with the probation officer that four points are applicable. So our position is that that was error. It was error to assume that because there was a specific threat, that it automatically fell into otherwise used. But just to back up a second, in order to be brandishing, it does not mean to be shown to be used to be threatened. That's correct. So here, the finding is that the raising is what took it out of brandishing in combination with the threat. So that's a natural inference. The finding is that it was used to threaten. Yes. Which is more than is required to show brandishing. Not necessarily, because you could certainly brandish a weapon to threaten as well. But the requirement to prove brandishing does not require that it would be used to threaten, correct? No, not necessarily. So we have a finding that it was used to threaten, which is arguable. Now, there would be a question whether there's any basis to support that, but why isn't the government right that the inference would be the raising is what took it from the brandishing category to used to threaten? Well, as to the brandish question, when the cases show that the perpetrator didn't actually show the weapon, then there needs to be some sort of threat. Because they have to put the person who's on the receiving end on notice in order to apply the brandishing. So in those cases, there is a threat. That's why the threat isn't necessarily the spot that it turns on physical conduct. To the raise, again, our position is that's just making the presence of the weapon known to the male driver. Based on this record, it's not even clear that the male driver knew that there was a knife there. Mr. Feliciano was raising the knife to make its presence known to the male driver, who wasn't aware of these facts happening. And I have one brief final point. There was a lot of focus on the reaction of the victim by the government, and this was to facilitate compliance. Respectfully, the test should not be the reaction of the victim. That would lead to arbitrary results, not only for this guideline, but for any guideline. Victims react in a myriad of ways, and that should not determine the guideline. It's the actual conduct of the defendant that should be the determining test. Thank you.  Thank you, counsel. That concludes argument in this case.